# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1835

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Anna Maria Dungy, also known as | * | |
| Anna Maria Davis; also known as | * | [UNPUBLISHED] |
| Anna Marie Duncan, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 13, 2005
Filed: September 20, 2005

_____

Before RILEY, FAGG, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury found Anna Marie Dungy guilty of possession with intent to distribute five grams or more of cocaine base, and possession with intent to distribute cocaine. The district court[*] denied Dungy's motion for judgment of acquittal and motion for a new trial. Dungy appeals challenging the sufficiency of the evidence on both counts. We affirm.

_____

[*]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

To convict Dungy of possession with intent to distribute on each count, the government had to show she possessed the relevant drug and did so with intent to distribute. United States v. Ramirez, 362 F.3d 521, 524 (8th Cir. 2004). Dungy contends there is no evidence she intended to distribute the cocaine base or cocaine. We disagree. Officer Ortman testified that during the search, Dungy told him she had sold cocaine base to others in the previous two weeks. Davis contends she did not make the statement, but it was the jury's perogative to believe Officer Ortman. United States v. Velazquez, 410 F.3d 1011, 1015 (8th Cir. 2005). Further, ample evidence supports the officer's testimony. During the search of the Davis residence, officers found three packages of cocaine base packaged in a manner consistent with resale in a woman's coat located in the southeast bedroom, two bags of cocaine weighing a total of twenty grams in a woman's jacket located in the northeast bedroom, and about .7 grams of cocaine base in a man's shirt located in the southeast bedroom. Officers also found $620 in a woman's coat located in the northeast bedroom and a digital scale. Officer Ortman also testified that based on his knowledge of drug cases, the sheer weight of drugs found in the Davis residence was inconsistent with personal use. Viewing the evidence in the light most favorable to the verdict, we conclude a reasonable jury could have found the government proved the essential elements of the crimes charged beyond a reasonable doubt. United States v. Oleson, 310 F.3d 1085, 1088 (8th Cir. 2002).

Because there is ample evidence supporting the jury's verdict, the district court properly denied Dungy's motion for judgment of acquittal, United States v. Monnier, 412 F.3d 859, 861 (8th Cir. 2005), and did not abuse its discretion in denying Dungy's motion for a new trial, Ramirez, 362 F.3d at 525 (no abuse of discretion in denying new trial when factual circumstances do not point to a serious miscarriage of justice).

We thus affirm Dungy's convictions.

_____